(C.D. 2141)

NORRIS BROTHERS *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 18, 1959)

*James B. Blackburn* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: Paragraph 1539(b), Tariff Act of 1930, as modified by the Presidential proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, provides for—

Laminated products (whether or not provided for elsewhere in the Tariff Act of 1930 than in paragraph 1539(b) thereof) of which any synthetic resin or resin-like substance is the chief binding agent:

| | |
|---|---|
| In sheets or plates_____ | 7.1¢ per lb. and 11½% ad val. |
| In rods, tubes, blocks, strips, blanks, or other forms___ | 23¢ per lb. and 19% ad val. |

Plaintiff in this case imported a product described on the invoice as "Laminated compressed wood-sheets," which was assessed with duty by the collector of customs at the rate of 23 cents per pound and 19 per centum ad valorem under the foregoing provisions of paragraph 1539(b), as modified. Plaintiff contends that the merchandise is properly classifiable under the provision in paragraph 1539(b), as modified, for laminated products in sheets or plates.

Counsel for the parties stipulated that the imported merchandise consists of a laminated product of which resin is the chief binding agent, thus limiting the issue to the question of whether, as imported, it consisted of sheets or plates, as plaintiff contends, or strips, blanks, or other forms, as defendant contends.

While not in any way conceding that the merchandise did not consist of sheets or plates, plaintiff strongly urges that it is entitled to judgment on equitable grounds for the reason that, prior to importation, it had submitted a sample to the local customs authorities with an inquiry as to the rate of duty applicable thereto. Based upon the reply which was received, plaintiff ordered the merchandise, apparently assuming that the rate applicable to the merchandise would be that provided for sheets or plates of the imported product. On entry, duty was taken at the rate applicable to forms of the product, other than sheets or plates.

Quite aside from any questions as to the possible binding effect of advisory opinions of customs officers given prior to importation of merchandise, and the power of this court to afford the type of relief sought by the plaintiff, we are of the opinion that plaintiff has not established that it is entitled to relief on the grounds stated. We observe from an examination of the reply of the customs officers upon which the plaintiff relied, which was offered and received in evidence as plaintiff's exhibit 1, that it does not contain any determination by the customs officers as to whether the sample and specifications submitted were those of a sheet or plate, but merely advises that if the product were in blanks, blocks, or rods, the duty would be 25 cents per pound and 20 per centum ad valorem, while if it were in plates or sheets, it would be dutiable at 7½ cents per pound and 12½ per centum ad valorem. (These rates were subsequently reduced by the Presidential proclamation, reported in T.D. 54108.) It appears, therefore, that plaintiff was *not* advised that the rate applied to the merchandise when imported would be that applicable to plates or sheets, but plaintiff drew that conclusion from the language of the reply.

On the question of whether, as imported, the merchandise actually consisted of sheets or plates, as opposed to other forms of the product, the evidence shows that the imported merchandise consists of rectangular pieces of the product in two sizes, one size being approximately 40 inches long by 22 inches wide and nine-tenths of 1 inch thick, and the other being 36 inches long by 22 inches wide and nine-tenths of 1 inch thick.

It appears from the evidence that the plaintiff is engaged in the manufacture of, among other things, pick checks or picker sticks, which are used in textile mills, and that the material of which the imported articles is composed is manufactured solely for use in that particular textile application. It does not appear whether the product

is offered and sold in stock sizes, but it does appear that the merchandise was ordered in the sizes in which it was imported, because the plaintiff could make a number of picker sticks (which are approximately the length of the imported articles and about 1¾ to 2 inches wide) out of the material in those sizes with the least waste.

It appears that, in the manufacture of pick checks or picker sticks, the imported material is first cut into billets or blanks and the finished article is made from such billets or blanks.

"Sheet" is defined in Webster's New International Dictionary, 2d edition, 1945, as—

In general, a piece of anything, or an extent of some substance, that is usually very thin in relation to its length and breadth * * *.

and "plate" is defined in the same work as—

A smooth, often nearly flat, and relatively thin, piece of any material, orig. only of metal; a thick sheet, slice, or lamina; esp., a perfectly flat sheet of material of uniform thickness throughout; as, the back *plate* of a watch, etc.; a boiler or armor *plate*.

From an examination of the sample of the imported articles, which is before us as exhibit 3, and a consideration of the dimensions in which the material was imported, we are of the opinion that the imported product is embraced by either of the definitions quoted above. It is a smooth, flat piece of material, relatively thin in comparison to its length and breadth. We, therefore, hold that it is within the common meaning of the terms "sheets" or "plates," and since the same tariff rate is applicable to both forms, it is unnecessary to determine whether, technically, the imported product is a sheet or a plate.

Quite obviously, those terms were used in the original enactment of paragraph 1539(b) and in the modification thereof, pursuant to trade agreement, in opposition to the forms provided for at a different rate, i.e., "rods, tubes, blocks, strips, blanks, or other forms," that is to say, the two provisions are mutually exclusive.

It is manifest from an inspection of the sample that the imported product is not in rod or tube form, and a consideration of the dictionary definitions of the terms "blocks" and "strips" demonstrates that the imported product is a sheet or a plate, rather than a block or a strip. Inasmuch as the evidence at the trial shows that the imported product is used as material from which blanks for pick checks or picker sticks are made, it is not a blank itself, and the term "other forms" must be interpreted as meaning forms of the product of the nature of rods, tubes, blocks, strips, or blanks, or, at any rate, forms other than sheets or plates.

On the record presented, we are satisfied that the plaintiff has made out a *prima facie* case overcoming the presumption of correctness at-

tending the collector's classification and establishing the correctness of its claim.

Judgment will issue accordingly.